353 So.2d 1274 (1978)
Jimmy MATHEWS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1301.
District Court of Appeal of Florida, Second District.
January 20, 1978.
Enrique Escarraz, III, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
*1275 HOBSON, Acting Chief Judge.
Appellant Mathews and his codefendant Johnny Baker were originally charged with the aggravated battery of Cecil Pratt (count 1) and the battery of Donald Fetzer (count 2). Both were convicted as charged on count 2, but on count 1 appellant was found guilty of aggravated assault, while Baker was found guilty of the lesser included offense of battery. Appellant claims on appeal that the trial court's failure to grant his motion to sever made on the morning of trial, coupled with the admission of a prejudicial statement by his codefendant and the excision of an exculpatory portion of appellant's own statement (neither defendant testified), amounted to reversible error. We agree.
The offenses involved herein took place in a "drunk tank" at the St. Petersburg city jail. Appellant and Baker were blacks. Their victims were white. A third black man, Howard Copeland (who testified for the state at trial), was also imprisoned in the drunk tank but took no part in the night's brutality. Appellant and Baker beat and kicked Pratt and Fetzer continuously over a period of several hours, as well as subjecting them to various indignities. Neither victim did or said anything to provoke their assailants, nor did they make any attempt to fight back.
Pratt apparently received the worst of it. At one point during the beating, his nose was bleeding profusely. When he saw a doctor a few days later, he was found to have a broken nose and three broken ribs.
The testimony of Copeland and the two victims was in substantial accord. However, Pratt's testimony additionally revealed that one of his assailants was wearing high-heeled, wooden-soled shoes. None of the witnesses, however, made specific reference to one or the other of the defendants as having inflicted specific injuries, nor was the assailant who wore the wooden-soled, high-heeled shoes identified.
Before the trial began, appellant filed a motion to sever on the ground that he would be prejudiced by the admission of his codefendant's statement to the police. The prosecutor replied that all references to appellant in Baker's statement had been excised. On that basis, the trial court denied appellant's motion.
Both defendants had made statements to the police, which the state introduced at trial. Though any direct reference to either defendant by the other was excised by the prosecutor prior to proffer of their statements to the court during trial, both defendants raised objections to portions of the proffered statements. In their respective statements, each defendant admitted to having kicked and beaten Pratt and Fetzer and further admitted that neither victim had provoked his brutal treatment or retaliated in any way. However, appellant stated that he did not feel he had struck or kicked either victim hard enough to have caused serious injury, in that he was wearing tennis shoes at the time of the offense. To this Baker objected, arguing that it implied that any serious injuries must have been inflicted by Baker. Over appellant's protest the trial court sustained this objection in part, ordering the reference to the tennis shoes excised.
Appellant, in turn, objected to the inclusion of Baker's declaration that he knew Pratt was being seriously injured because at one point Pratt was lying on the cell floor holding his sides and bleeding profusely from the nose. Appellant argued that the wording of his remark, coupled with the evidence already before the court, would lead the jury to infer that Baker was merely looking on at this point and that appellant, rather than Baker, had caused Pratt's condition. This objection was overruled.
In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the United States Supreme Court held that a defendant's right to confront his accusers is violated when a codefendant's confession incriminating the defendant is admitted and the codefendant does not testify. Fla. R.Crim.P. 3.152, which was promulgated to cope with the Bruton problem, sets out, in subsection (b)(2), three options available to the state in such a situation:
(b) Severance of defendants.
* * * * * *

*1276 (2) If a defendant moves for a severance of defendants on the ground that an oral or written statement of a co-defendant makes reference to him but is not admissible against him, the court shall determine whether the State will offer evidence of the statement at the trial. If the State intends to offer the statement in evidence, the court shall order the State to submit its evidence of such statement for consideration by the court and counsel for defendants and if the court determines that such statement is not admissible against the moving defendant, it shall require the State to elect one of the following courses:
(i) a joint trial at which evidence of the statement will not be admitted;
(ii) a joint trial at which evidence of the statement will be admitted after all references to the moving defendant have been deleted, provided the court determines that admission of such evidence with deletions will not prejudice the moving defendant; or
(iii) severance of the moving defendant.
The state here proceeded under (ii), albeit belatedly and after having partially edited the statements on its own without court or defense consideration. When the method set forth in subsection (ii) is utilized, questions sometimes arise as to whether the expurgation was sufficient to remove the prejudicial taint condemned in Bruton. See generally Cook v. State, 353 So.2d 911 (Fla.2d DCA filed December 28, 1977). Here we hold that it was not.
In Cook, supra, this court approved the following standard: A Bruton violation has occurred if the jury was highly likely to draw an incriminating inference against the defendant from a codefendant's statement, even if the inference drawn was incriminating only when considered in light of other evidence offered at trial. While Cook and several of the cases cited therein involved statements referring to one or more nameless individuals who could be inferred to be the confessing defendant's codefendants, we are aware of no other case involving a statement implicitly incriminating a person not even mentioned therein, as is the case here. Nevertheless, we find the standard adopted in Cook is applicable to the aggravated battery charge in the instant case.
Although the confession of Baker did not mention appellant, the testimony of Pratt, Fetzer, and Copeland placed appellant in the same cell with Baker and the victims during the time period in issue. While the jury may have wondered why the statement of neither defendant mentioned the other, they were obviously not confused by the omissions. Moreover, not only was the jury "highly likely" to infer from Baker's statement that appellant was the one who inflicted Pratt's more severe injuries, the fact that they did draw such an inference is apparent from their verdict. Appellant was convicted of aggravated assault upon Pratt, while Baker was convicted of a simple battery. The excision of appellant's exculpatory statement that he was wearing tennis shoes at the time of the offense may also have prejudiced appellant and was error.
Although the trial court made a good faith effort to edit both statements in a manner that would not prejudice either defendant, we conclude that this was impossible under the circumstances sub judice. The trial court should have either excluded both statements entirely or granted appellant's motion for severance.
We must also point out that the procedure followed by the trial court was improper. In the first place, all of the state's evidence of a defendant's statement must be submitted to the court and defense counsel. Fla.R.Crim.P. 3.152(b)(2). The state is not authorized to partially edit a statement beforehand. Such a procedure would defeat the purpose of the rule and could lead to prejudice of the defendant or a codefendant without any inkling thereof on the part of the court or the defense. Secondly, if a motion to sever is filed pursuant to Fla.R.Crim.P. 3.152(b)(2), all statements should be considered and, if necessary, edited at the hearing on the motion to sever rather than after trial has begun.
We find no error in any of the other points raised by appellant. Because the *1277 evidence, including appellant's admission, that appellant participated in the battery of Fetzer was so overwhelming, any Bruton violation with respect to that charge was harmless error. Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); Cook, supra. The judgment and sentence on count 2 (the battery charge) is therefore affirmed. The judgment and sentence on count 1 is reversed and the cause is remanded for a new trial on that count.
OTT and RYDER, JJ., concur.