398 So.2d 810 (1981)
Preston Junior CRUM, Appellant,
v.
STATE of Florida, Appellee.
Nos. 57487, 58467.
Supreme Court of Florida.
April 16, 1981.
Rehearing Denied June 22, 1981.
Robert Q. Williams of Cauthen, Robuck, Cyrus & Hennings, Tavares, and William H. Stone, Clermont, for appellant.
Jim Smith, Atty. Gen. and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
ALDERMAN, Justice.
Preston Junior Crum and his brother, Marvin, were charged in a single indictment for first-degree murder. Preston was *811 found guilty and sentenced to death.[1] He now appeals his conviction and sentence, alleging that the trial court abused its discretion in denying his motion for severance. We reverse and remand for a new trial.[2]
The public defender was originally appointed to represent the Crums but withdrew as Preston's counsel, alleging that his office could not represent both brothers without a conflict of interest. Private counsel was then appointed to represent Preston. The public defender next filed a motion for severance on behalf of Marvin, in which Preston joined, based on incriminating statements Preston made in notes sent to Marvin while they were housed in the Lake County jail. This motion was also denied.
At the opening of the trial, after the jury was sworn but before opening statements, Preston moved for severance, alleging that his and Marvin's defenses were so antagonistic that he would be prejudiced if the trials were not severed. He represented that he learned that very morning that Marvin would accuse him of singularly committing the murder for which the two of them were charged. The State objected to the motion as untimely and alleged that Preston, prior to trial, knew or should have known of the conflict between his and Marvin's testimony when the public defender withdrew from his case. The State argued that Preston's failure to raise this ground in the pretrial severance motion waived his right to severance at the trial. Preston renewed his motion several times during the trial, and each time it was denied.
Granting or denying a motion for severance is normally a discretionary matter for the trial court. Menendez v. State, 368 So.2d 1278 (Fla. 1979); Johnson v. State, 355 So.2d 143, 145 (Fla. 3d DCA 1978). In reviewing discretionary rulings, the test for the appellate court is whether the trial court abused its discretion. See Menendez v. State, 368 So.2d at 1280.
Florida Rule of Criminal Procedure 3.152(b) provides that a motion for severance of defendants may be made during trial if severance appears necessary to achieve a fair determination of a defendant's innocence or guilt. Florida Rule of Criminal Procedure 3.153 provides that the severance motion should be made before trial unless the basis on which it is made during trial was unknown to the defendant before trial. These severance rules are consistent with the minimum standards promulgated by the American Bar Association. ABA Standard for Criminal Justice 13-3.1(b) (2d ed. 1980) suggests that severance should be granted whenever it appears likely that potential prejudice may arise at trial. The objective of fairly determining a defendant's innocence or guilt should have priority over other relevant considerations such as expense, efficiency, and convenience.
The record in the present case does not support the State's contention that Preston's severance motion made at trial was untimely. The motion at trial was based on facts which were not known before trial and should have been granted.
Marvin was interviewed prior to trial by Preston's counsel. In that interview, Marvin stated that he, his brother, and three other people, including the murder victim, were together in Preston's car. He said that he and Preston got out of the car to visit a grave site and that the three other people left them there and drove off in Preston's car. According to Marvin, an hour and a half later, they found the car which was then covered with blood inside, but the three other people could not be found. This statement was consistent with the one made by Preston, and Preston prepared his defense accordingly. Not until after the jury was sworn in did Preston learn that Marvin would testify that Preston murdered the victim.
By denying the motion, the trial court forced Preston to stand trial before two *812 accusers: the State and his codefendant. This case, then, is unlike Menendez v. State because Marvin not only accused Preston of the murder, but also, during the trial, introduced evidence to prove his accusation. In Menendez, counsel for Menendez's codefendant, in his opening statement, announced that he would prove that Menendez, not the codefendant, committed the crimes for which they were charged. Menendez's counsel promptly moved for a mistrial and severance. Both motions were denied; however, the jury was expressly instructed to base its verdict solely on the evidence and to disregard this statement. The codefendant offered no evidence to support his accusation against Menendez but in closing arguments stated that the evidence against Menendez was overwhelming and that "the opposite is true as to the co-defendant." 368 So.2d at 1280. Menendez was found guilty, and the codefendant was acquitted. We reviewed the record in that case to determine if these two statements so prejudiced Menendez that the jury might have decided differently had they not been made. We found that this was "not a case in which the conviction was based solely on circumstantial evidence or inconclusive evidence, or where there [was] any possibility of misidentification between two perpetrators," 368 So.2d at 1281, and we concluded that the trial court's denial of the severance motion was not an abuse of discretion.
Accordingly, having concluded that the trial court abused its discretion by denying Preston's severance motion, we reverse and remand for a new trial.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Marvin Crum is not a party to this direct appeal.
[2] In view of our holding, we need not consider the other issues raised by the appellant.