404 So.2d 1176 (1981)
Douglas McArthur ROWE, Appellant,
v.
STATE of Florida, Appellee.
No. WW-161.
District Court of Appeal of Florida, First District.
October 23, 1981.
James L. Harrison, Jacksonville, for appellant.
Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
On this appeal from a conviction for first degree murder, the appellant argues that the trial court committed reversible error by denying his motion for severance. We agree and reverse.
In late 1979, a grand jury indicted the appellant and one other person, charging them with the murder of Elijah Rowe. The appellant and his co-defendant were scheduled to be tried together. Well before trial, the appellant filed a motion for severance, alleging that "such severance [was] necessary to promote a fair determination of [his] guilt or innocence." At a hearing pertaining to this motion, his defense counsel argued that the defenses for the appellant and his co-defendant were antagonistic, and that unless the motion for severance was granted, "the defendants are going to be in the posture of prosecuting each other with the State standing by."
The trial court denied the motion for severance, and the appellant and his co-defendant were tried together. At trial, each denied responsibility for the murder, and both introduced evidence to support their respective theories of innocence. In this regard, defense counsel for the appellant's co-defendant accused the appellant of being solely responsible for causing the death of the murder victim. Evidence was introduced by the co-defendant in an attempt to support this theory.
"Granting or denying a motion for severance is normally a discretionary matter for the trial court." Crum v. State, 398 So.2d 810, 811 (Fla. 1981). In this case, we have determined, based upon Crum, that the trial court abused its discretion by denying the motion for severance.
In Crum, the appellant and his co-defendant were indicted and tried together for first degree murder. The appellant moved for severance, alleging that his defense and that of his co-defendant were so antagonistic as to warrant a severance. The appellant represented that he had learned that his codefendant "would accuse him of singularly committing the murder for which the two of them were charged." 398 So.2d at 811. The trial court denied the motion for severance, and the supreme court reversed, stating that "[b]y denying the motion, the trial court forced [the appellant] to stand trial before two accusers: the State and his codefendant." 398 So.2d at 811-12.
*1177 Here, just as in Crum, the appellant was accused by his co-defendant of being solely responsible for the murder. The trial court was aware that this accusation would be made at trial, and just as in Crum, the co-defendant in the present case not only accused the appellant of the murder, "but also, during the trial, introduced evidence to prove [t]his accusation." 398 So.2d at 812. Given these factors, the court improperly forced the appellant "to stand trial before two accusers: the State and his codefendant." Id. at 811-812.
The appellant's conviction is reversed and this cause is remanded for a new trial. In view of this holding, we do not address the other issues raised by the appellant.
ROBERT P. SMITH, Jr., C.J., and JOANOS, J., concur.