RYDER, Judge.
Arthur Lewis Huff seeks review of the trial court’s judgment wherein he was adjudicated guilty of robbery with a firearm and sentenced to twenty-five years in prison with a three year mandatory term.
His issues on appeal involve the denial of an oral motion to sever his trial from his codefendant’s trial, the failure of the trial court to appoint new counsel for him, and the admission of evidence at trial which was the fruit of an allegedly illegal stop, search and seizure.
We see no merit in the search and seizure issue. Due to our holding later in this opinion, we will not address the question regarding the failure to appoint new counsel, for even though such failure might have been error, we have insufficient record upon which an informed decision can be reached. In any event, it is not dispositive at this point in view of our holding. The remaining issue does, however, require a more thorough discussion.
Appellant and a codefendant were charged by information with robbery with a firearm. Both were originally represented by the public defender’s office. Although a subsequent order appointed private counsel for appellant because of a conflict of interest, appellant was represented by a public defender, Mr. Woodward, at time of trial. The codefendant, instead, was represented by private counsel, Mr. Jones.
When Mr. Jones announced at the close of the state’s case that his client would take the stand and testify, counsel for appellant moved for severance and stated that Mr. Jones had previously represented to him that the codefendant would not take the stand. Additionally, counsel for appellant stated that although he had attempted to talk with the codefendant, the codefendant would not cooperate with him. Appellant’s counsel also stated that any information with which he could impeach the codefend-ant was privileged because the public defender’s office had acquired it while that office still represented both appellant and the codefendant.
The trial judge denied the motion to sever. The codefendant subsequently testified that appellant had forced him to take part in the robbery.
At the close of the codefendant’s testimony, counsel for appellant renewed his motion for severance stating that he did not believe that the codefendant was telling the truth and that his belief came from prior conversations with the codefendant while *146 acting as his counsel. The trial judge denied the motion as being untimely. Appellant’s counsel further buttressed his motion by observing that there had been no reason to request a severance prior to trial as the codefendant had maintained all along he would not testify and, thus, counsel was unaware of the change of mind until it was announced after trial had commenced.
The facts of this case are remarkably similar to the facts in the recent Florida Supreme Court case of Crum v. State, 398 So.2d 810 (Fla.1981). There, the defendant and his brother were charged with first degree murder. Although the public defender was originally appointed to represent both the defendant and his brother, the public defender subsequently withdrew as counsel for the defendant on the basis that the multiple representation led to a conflict of interest. A private attorney was appointed for the defendant. Prior to trial, the public defender, then only representing the brother, made a motion for severance which was denied.
After the jury was sworn at the joint trial, private counsel for the defendant moved for severance. He stated that he had only learned that morning that the brother would accuse the defendant of singularly committing the murder. The state attorney objected to the motion as untimely made and alleged that the defendant should have known when the public defender withdrew from his case that a conflict of interest was present. The state attorney argued specifically that the failure to raise the severance in a pretrial motion to sever waived the right to severance at trial. The court denied the motion to sever.
In holding that the trial court abused its discretion in denying the motion to sever, the Florida Supreme Court observed that the object of fairly determining defendant’s innocence or guilt should have priority over other relevant considerations such as expense, efficiency and convenience. The supreme court held that the motion was not untimely because the defendant had first learned that his brother would testify against him only after the trial had commenced.
In this appeal, the state urges the same arguments that the court rejected in Crum, namely that the failure to raise severance in a pretrial motion waived the right to severance at trial and that the motion at trial was untimely because appellant should have known when the public defender withdrew from his case that a conflict existed. As in Crum, it was only after trial had commenced that counsel for appellant learned that the codefendant would testify and that his testimony would accuse appellant of singularly committing the crime.
We believe that the decision in Crum mandates a reversal in this case as well as an order for a new trial.
REVERSED and REMANDED with instructions to set aside the judgment and sentence herein and to grant a new trial.
OTT, A. C. J., and DANAHY, J., concur.