415 So.2d 824 (1982)
Rolando BARBON-ZURITA, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1443.
District Court of Appeal of Florida, Third District.
June 22, 1982.
*825 Bennett H. Brummer, Public Defender and Ellen L. Leesfield, Sp. Asst. Public Defender and Eric Cohen, Coconut Grove, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
Rolando Barbon-Zurita and a co-defendant[1] were charged with second degree murder, unlawful possession of a firearm while engaged in a criminal offense and carrying a concealed firearm. Barbon-Zurita was convicted of all three counts, following a jury trial. It is that judgment and sentence from which he appeals. We affirm.
Prior to trial, both defendants filed motions to sever, which the State initially resisted. Thereafter, and still prior to jury selection, the State conceded the motions to sever were well-taken. Notwithstanding the State's concession, the defendant entered into a pre-trial stipulation with the State and co-defendant for a joint trial and, in so doing, acknowledged that the defenses would, in all likelihood, be antagonistic. Following the stipulation, a jury was selected and opening statements were made. Counsel for Barbon-Zurita then again moved for severance in light of the opening statements re-alleging, as a basis for the severance, that the defenses were antagonistic and that Barbon-Zurita would be denied due process if the new motion for severance were not granted.
We conclude the trial court did not err in denying defendant's untimely motion for severance, nor is there a due process violation where there has been an intentional relinquishment of a known right or privilege. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); Fla.R.Crim.P. 3.153.
Appellant's reliance on Crum v. State, 398 So.2d 810 (Fla. 1981) is misplaced. In Crum, our Supreme Court concluded that the test for appellate review of a trial court's discretionary ruling is whether or not the trial court abused its discretion. Crum at 811. Furthermore, there is no demonstration by Barbon-Zurita that the new motion for severance was based on facts which were not known before trial. Appellant was fully aware of the antagonistic defenses and the only surprise was the level of advocacy employed by counsel for the co-defendant. Barbon-Zurita knew full well that co-defendant would be accusing him and that he, likewise, would be accusing the co-defendant.
Where, as here, a defendant intentionally abandons his right to a severance as a matter of "trial strategy," no error is demonstrated, Johnson v. Zerbst, supra, 304 U.S. at 464, 58 S.Ct. at 1023, and a new motion made during trial will be deemed untimely, Fla.R.Crim.P. 3.153.
We have examined the other issues presented and conclude that they are without merit. Accordingly, the judgment and sentence are affirmed.
NOTES
[1] Not a party to this appeal.