PER CURIAM.
Appellant and a codefendant were convicted of second-degree murder. The code-fendant’s conviction was affirmed. Barbon-Zurita v. State, 415 So.2d 824 (Fla. 3d DCA 1982). The contentions here are (1) the trial court should have modified a pretrial stipulation and declared a mistrial, sua sponte, when injustice became apparent, (2) the court’s denial of appellant’s request that counsel for codefendant be instructed to refrain from commenting on the fact that appellant had not testified effectively penalized appellant for exercising his right to remain silent, (3) appellant’s motion for judgment of acquittal should have been granted where the proof of intent to commit murder rested solely upon circumstantial evidence.
The parties entered into a stipulation for a joint trial with the following condition:
[Appellant’s counsel] “. .. should one of the defendants testify and the other one not testify, that the defendant that testifies may bring to the attention of the jury that he did, in fact, testify, although the attorneys are agreeing that they will not point the finger to the other defendant and say he did not testify.”
Appellant argues that the codefendant breached the terms of the agreement by making a direct comment on his decision to not take the witness stand. Even if we could agree, there was not a contemporaneous objection when the comment was made, thus, the point has not been properly preserved for appellate review. Clark v. State, 363 So.2d 331, 335 (Fla.1978); Simpson v. State, 418 So.2d 984 (Fla.1982). Nor will appellant be heard to complain that the trial court should have granted a mistrial, sua sponte, where he not only failed to move for a severance but objected to a state motion, made during trial, that the two defendants be tried separately. See Barbón-Zurita v. State. The third point, which challenges the sufficiency of the evidence, is totally without merit.
Affirmed.