567 So.2d 9 (1990)
Theodore WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0704.
District Court of Appeal of Florida, Fourth District.
August 15, 1990.
Rehearing and Clarification Denied October 10, 1990.
Peter Birch of Birch and Murrell, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Theodore Williams appeals his conviction of one count of second degree murder and one count of aggravated battery. While we affirm all four points raised on appeal, we find that only one point warrants discussion.
Appellant was originally charged with first degree murder and aggravated battery resulting from a drive-by shooting in Riviera Beach. The record indicates that appellant filed five pretrial motions to sever, pursuant to Florida Rule of Criminal Procedure 3.152(b), in which he sought a separate trial from codefendant Vincent McDaniels. Appellant argues that his defense and McDaniels' were antagonistic and mutually exclusive. He complains that because his codefendant actively attacked his defense and placed the blame for the murder on him, this guaranteed that either he or McDaniels would be convicted. He contends that McDaniels attempted to convince the jury that he did not kill the victim by proving that appellant did. Thus, he was entitled to a severance of his trial from McDaniels.
Granting or denying a motion for severance is normally a discretionary matter for the trial court. Crum v. State, 398 So.2d 810 (Fla. 1981). When appealing the denial of a severance motion, the defendant must show a palpable abuse of discretion. Hanks v. State, 305 So.2d 817 (Fla. 3d DCA 1974).
In McCray v. State, 416 So.2d 804 (Fla. 1982), the supreme court set forth the general principles of joinder and severance, stating:
Rule 3.152(b)(1) directs the trial court to order severance whenever necessary to promote a fair determination of the guilt or innocence of one or more defendants ... The object of the rule is not to provide defendants with an absolute right, upon request, to a separate trial when they blame each other for the crime. Rather, the rule is designed to assure a fair determination of each defendant's guilt or innocence. This fair determination may be achieved when all relevant evidence regarding the criminal offense is presented in such a manner that the jury can distinguish the evidence relating to each defendant's acts, conduct, *10 and statements, and can then apply the law intelligently and without confusion to determine the individual defendant's guilt or innocence.
Id. at 806.
The court continued:
[T]he question of whether severance should be granted must necessarily be answered on a case by case basis... Specifically, the fact that a defendant might have a better chance of acquittal or a strategic advantage if tried separately does not establish the right to severance ... Nor is hostility among defendants, or an attempt by one defendant to escape punishment by throwing the blame on a codefendant, a sufficient reason, by itself, to require severance. .. . If the defendants engage in a swearing match as to who did what, the jury should resolve the conflicts and determine the truth of the matter. (Citations omitted.)
Id.
In the instant appeal, the record adequately supports a finding that the trial court did not abuse its discretion in denying appellant's motions. First, appellant had an opportunity to confront and fully cross-examine the witnesses and there was no confusing or improper evidence submitted to the jury in this joint trial. O'Callaghan v. State, 429 So.2d 691 (Fla. 1983). In fact, the lengthy trial record reflects the extensive examination, cross-examination and recross examination affording the jury access to all relevant facts. Second, appellant was not surprised by the trial testimony and conducted extensive pretrial discovery. Third, the evidence was not so complex that the jury would be confused by it and incapable of applying it to the conduct of each individual defendant in making a fair determination of each defendant's guilt.
Appellant's reliance on the federal severance guidelines listed in Biscardi v. State, 511 So.2d 575, 578 (Fla. 4th DCA 1987), is misplaced. A close reading of that case indicates that this court did not, as appellant argues, adopt the severance factors enounced by the federal Fifth Circuit Court of Appeals in United States v. Romanello, 726 F.2d 173 (5th Cir.1984). Thus, we reject appellant's argument to the contrary.
We acknowledge the supreme court's recent decision in Bryant v. State, 565 So.2d 1298 (Fla. 1990), but find that case distinguishable from the instant case since Bryant's inculpatory statements implicating his three codefendants were introduced to the jury while Bryant himself was not subjected to cross examination. The reverse occurred here. McDaniels made inculpatory statements concerning appellant's involvement. Appellant did not testify but codefendant McDaniels did. Thus, appellant had a full opportunity to cross examine McDaniels thoroughly concerning his statements.
Accordingly, we affirm appellant's conviction and sentence and all four points raised on appeal.
ANSTEAD, POLEN and GARRETT, JJ., concur.