WARNER, Judge,
dissenting.
I conclude that there were two evidentia-ry errors and errors in the prosecutor’s closing argument which require a reversal.
One state witness was asked on direct whether or not he had asked the appellant why he was in South Florida. The witness testified that appellant’s response was that he knew they (including his codefendant) were coming down to get drugs but he did not know it was cocaine. On cross-examination, appellant attempted to ask whether or not the question asked was actually why appellant was at the hotel (where the drug deal occurred). This was significant to appellant who was charged with conspiracy, as his defense was based on a lack of knowledge of what his codefendant was up to until just before she made the drug deal. I think it was error not to allow the officer to testify as to what question was asked. While the state claimed this would have been a violation of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), that case is inapt as here the codefendant’s theory of defense was police entrapment and the codefendant testified. In fact appellant’s lack of knowledge would have been entirely consistent with her defense. Consequently, the jury was misled on this point.
Prior to trial, appellant had successfully moved to have the state redact from a tape of the drug transaction a statement by the codefendant which referred to appellant as “my partner up there” where there was no evidence that appellant and codefendant were engaged in any ongoing drug business. However, when the state edited the tape it also eliminated the codefendant’s statement that appellant was not involved. When appellant objected, the court gave appellant the Hobsen’s choice of using the unedited tape, or using the edited tape with the exculpatory statement removed. I think this was error. See United States v. Riley, 550 F.2d 233 (5th Cir.1977); Matthews v. State, 353 So.2d 1274 (Fla. 2d DCA 1978).
Finally, in closing argument the prosecutor argued that appellant was the money man and proceeded to inform the jury how money men in drug deals operate although there was no proof of how a routine drug deal occurs. This too was error. Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984).
Based upon my reading of the record, I cannot conclude that these were harmless *1205 beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Therefore, I would reverse and remand for a new trial.