ALLEN, J.
The appellant in this direct criminal appeal challenges his convictions for armed robberies, armed carjackings, and armed kidnapping. We reverse his convictions because the trial court erred in denying the appellant’s motion for a mistrial after the prosecution offered testimony clearly conveying the inference that the appellant had been implicated in the crimes by a codefendant who did not testify in the appellant’s trial.
The appellant was charged with the crimes along with Frederick Kearney and Ernest Johnson. The appellant moved for a trial severance from Kearney because Kearney had made pretrial statements implicating himself and the appellant in the crimes. Citing Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the motion pointed out that Kear-ney’s statements, although admissible against Kearney, would not be admissible against the appellant unless Kearney testified in the appellant’s trial. The trial court granted the motion. The appellant and Kearney were tried jointly, but with separate juries. Johnson’s trial was postponed to a subsequent date.
During the course of the joint trial, the lead detective assigned to the investigation, Detective Kuczkowski, testified in be *1221 half of the prosecution that he first became involved in the investigation when he was asked to meet with patrol officers who had identified only one suspect. That suspect, according to Kuczkowski, was Frederick Kearney, who had been brought to police headquarters. Detective Kuczkowski’s testimony continued as follows:
Q. During that morning did you develop some other suspects in these three carjackings?
A. Yes, I did.
Q. And who were they?
A. They were Khalif Jones and an individual named Earnest Johnson.
Q. Did you attempt to locate either of these two suspects?
A. Yes, I did.
Q. How did you do that?
A. Myself and Frederick rode out to the northside and he pointed out a house where he knew these individuals, one of them lived at.
Q. Was that Jones’ house, did you go to Jones’ house?
MS. VARON: I would object and ask to approach.
THE COURT: Yes, ma'am.
(The following further proceedings were had out of the hearing of the jury:)
THE COURT: Okay, Mrs. Varón, is there an objection?
MRS. VARON: Yes, Your Honor, we would ask for a mistrial. He just basically told the juries, both juries who are both present in the courtroom a statement that Frederick Kearney made which implicates Khalif Jones and that’s the whole reason we severed these trials. And our jury has now heard that.
The motion for mistrial was denied, but the trial court instructed the jury as follows:
THE COURT: Ladies and gentlemen, we’re ready to continue but at this time I will instruct both juries up to this point to disregard anything that may have been told to Detective Kuczkowski up to this point in the testimony, just disregard what we call in the nature of hearsay, so just disregard any statements that the detective related that were based on what he says someone told him[.]
The trial court erred in denying the motion for mistrial, and this error was not cured by the jury instruction.
In Bruton, the United States Supreme Court held that a defendant’s rights under the confrontation clause of the Sixth Amendment to the United States Constitution were violated by the introduction at a joint criminal trial of a nontestifying code-fendant’s confession which named and incriminated the defendant. The Bruton court also recognized that the erroneous admission of such evidence at trial cannot be remedied by a curative instruction.
Recently, in Gray v. Maryland, 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998), the court recognized that Bruton may apply where there is no direct trial evidence that the codefendant has implicated the defendant, but nevertheless there is evidence raising an inference that this has occurred. Gray recognizes that such inferential implication of the defendant will invoke the protections of Bruton where trial evidence obviously suggests that the codefendant has implicated the defendant, so long as this clear inference arises without the need for reference to other evidence introduced at a different point in the trial. The Gray court made this point by contrasting the redacted confession offered in Gray (redacted to eliminate Gray’s name) with the redacted confession offered in the earlier case of Richardson v. Marsh, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (redacted to eliminate any reference to Marsh).
The State, in arguing for a contrary conclusion, relies heavily upon Richardson. But we do not believe Richardson controls the result here. We concede that Richardson placed outside the scope of Bruton’s rule those statements that incriminate inferentially.... We *1222 also concede that the jury must use inference to connect the statement in this redacted confession with the defendant. But inference pure and simple cannot make the critical difference....
[[Image here]]
That being so, Richardson must depend in significant part upon the kind of, not the simple fact of, inference. Richardson’s inferences involved statements that did not refer directly to the defendant himself and which became incriminating “only when linked with evidence introduced later at trial.” The inferences at issue here involve statements that, despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial.
523 U.S. 185, 195-196, 118 S.Ct. 1151.
Like the inference conveyed by the evidence in Gray, the inference conveyed in the present case by the testimony of Detective Kuczkowski was clear and immediate. Any reasonable juror would immediately conclude from this testimony, standing alone, that Kearney had implicated the appellant in the crimes and led Kuczkowski to the appellant’s residence. Accordingly, in light of the fact that Kearney did not testify in the joint trial, the appellant was entitled to a mistrial.
We are unable to conclude that this error was harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The appellant’s convictions are therefore reversed and this case is remanded for a new trial.
BENTON, J. CONCURS.
LAWRENCE, J., DISSENTS WITH WRITTEN OPINION.