BENTON, J.
George Jeffries appeals his conviction for armed robbery on grounds the trial court erroneously denied a motion to suppress, and on grounds the trial court erred, first in granting the state’s motion to consolidate his case for trial with the case against Robert Rhodes, and then in denying his motions to sever the cases or, in the alternative, to empanel separate juries. We affirm.
On pretrial motions, Mr. Jeffries argued that he should be tried separately from his codefendant, Robert Rhodes, (or to a separate jury) because Mr. Rhodes planned to testify that Mr. Jeffries coerced him into committing the alleged robbery and at *336 tempting to use credit cards the robbery allegedly yielded. At trial, Mr. Rhodes did in fact testify to this effect. Relying on Rowe v. State, 404 So.2d 1176, 1177 (Fla. 1st DCA 1981) (holding the trial court “improperly forced the appellant ‘to stand trial before two accusers: the State and his codefendant’ “ (quoting Crum v. State, 398 So.2d 810, 811-12 (Fla.1981)), Mr. Jef-fries contends that he, too, had “to stand trial before two accusers,” that his defense and Mr. Rhodes’s defense were mutually antagonistic, and that consolidation of the two cases likely confused the jury.
Even though codefendants are accused of perpetrating the same crime jointly, a severance may be constitutionally required. A defendant’s rights under the Confrontation Clause and “to confront at trial adverse witnesses,” Art. I, § 16(a), Fla. Const., are violated by introducing a non-testifying codefendant’s out-of-court statement which, although admissible against the codefendant, does not fall within any firmly rooted hearsay exception rendering the statement admissible against the defendant. See Gray v. Maryland, 523 U.S. 185, 192-95, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998) (applying the rule of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) in reversing a conviction based on a confession admissible only against the codefend-ant who confessed); Roundtree v. State, 546 So.2d 1042, 1046 (Fla.1989); Miller v. State, 756 So.2d 1072, 1072 (Fla. 4th DCA 2000); Jones v. State, 739 So.2d 1220, 1221 (Fla. 1st DCA 1999). See also Lilly v. Virginia, 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999); Conner v. State, 748 So.2d 950 (Fla.2000). These constitutional principles do not apply here because no out-of-court statement incriminating Mr. Jeffries was adduced, and because Mr. Rhodes testified at trial.
In the absence of a constitutional question, a motion to sever is addressed to the trial court’s sound discretion.[1] See Miller, 756 So.2d at 1072; Daniels v. State, 634 So.2d 187, 192 (Fla. 3d DCA 1994). At least until jeopardy attaches, the trial court should grant a motion for severance whenever severance is “appropriate to promote a fair determination of the guilt or innocence of [any] defendant ].” Fla.R.Crim.P. 3.152(b)(1)(A). This is so even though the criteria for consolidation are, as here, otherwise satisfied. See Fla.R.Crim.P. 3.151(a) (authorizing consolidation for trial of indictments or informations charging two or more related offenses “triable in the same court and ... based on the same act or transaction or ... connected acts or transactions”).
Appellant’s argument that severance was necessary to avoid jury confusion — like his argument in support of the suppression motion — is without logical force. Albeit damning, Mr. Rhodes’s testimony was straightforward, to the point, and clear. That testimony aside, no other evidence came in against Mr. Jeffries on account of his standing trial together with Mr. Rhodes.[2] This circumstance may suffice to distinguish the present case from Rowe, where unspecified “[ejvidence was introduced by the co-defendant in an attempt to,” 404 So.2d at 1176, prove Rowe’s guilt.
In any event, Rowe does not purport to go beyond the holding in Crum, where Crum’s codefendant also adduced evidence against Crum and where, importantly, Crum’s counsel was unaware of the code-fendant’s strategy until after trial had be *337 gun. See Crum, 398 So.2d at 811; see also McCray v. State, 416 So.2d 804, 807 (Fla.1982) (“The problem in Crum was not simply that the codefendants had antagonistic defenses. The problem was that one codefendant induced the other to believe that their defenses would be completely consistent and then, after jeopardy attached, decided to change his story, thereby prejudicing the proper preparation of the case for trial.”); Huff v. State, 409 So.2d 144, 146 (Fla. 2d DCA 1982) (“As in Crum, it was only after trial had commenced that counsel for appellant learned that the codefendant would testify and that his testimony would accuse appellant of singularly committing the crime.”). Mr. Jeffries was not surprised here. His motion for severance, which was filed approximately a month before trial, reflected full awareness of the defense Mr. Rhodes planned.
On the authority of subsequent decisions the Supreme Court of Florida has handed down, we repudiate any reading of Rowe that would lay down a per se rule requiring severance simply because codefendants’ testimony is mutually antagonistic. See O’Callaghan v. State, 429 So.2d 691, 696 (Fla.1983); McCray, 416 So.2d at 807 (“We reiterate that hostility among defendants or the desire of one defendant to exculpate himself by inculpating a codefendant are insufficient grounds, in and of themselves, to require separate trials.”).
Affirmed.
ALLEN and BROWNING, JJ., concur.

. While it may be that the trial judge in the present case would not have abused his discretion had he ordered separate trials, we must decide whether he abused his discretion in granting the motion to consolidate, and denying the motion to sever the cases or, in the alternative, to empanel separate juries.

. Especially if Mr. Rhodes had been tried first, he might have been called as a witness against Mr. Jeffries despite the grant of a severance.