DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**KEITH LINES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D11-931

[July 23, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. 08-11699CF10B.

Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Keith Lines appeals his convictions for first degree murder and attempted first degree murder. We affirm and write briefly to address one issue, the denial of Lines's motion for severance.

The State's theory of the case was that Lines and his girlfriend were feuding with twin brothers, Anthony and Andre Combs. According to the State, Lines, accompanied by his co-defendant and two others, drove to the twins' house. Lines and the co-defendant got out of the car and opened fire, nearly hitting two persons and killing Ricardo Oro with a shot fired from the co-defendant's gun. Upon being arrested, Lines named the co-defendant as the shooter during a conversation recorded by the police. Lines's theory of defense was that the co-defendant acted independently in the murder of Oro, and there was a lack of evidence as to Lines's involvement in the other two counts. The co-defendant took the position that he never exited the vehicle and was not involved in the incident.

Lines filed a motion to sever. In his motion to sever, Lines argued that his own statements were not admissible against the co-defendant and "'protective editing' would prejudice [his] defense of consistently and truthfully blame-shifting the shooting of the decedent[] to the co-defendant." He further argued that their defenses were antagonistic and mutually exclusive, and severance was necessary to ensure Lines was not prejudiced. He urged that severance was constitutionally required because, if not severed, Lines would have to face two accusers: the State and his co-defendant.

The State subsequently filed notice that it did not intend to offer Lines's post-arrest statements implicating the co-defendant, if the defendants were not severed. The circuit court denied the motion to sever.

We find no abuse of discretion in the circuit court's ruling. *See Williams v. State,* 567 So. 2d 9, 9 (Fla. 4th DCA 1990) (citing *Hanks v. State,* 305 So. 2d 817 (Fla. 3d DCA 1974)) (stating standard of review); *see also* Fla. R. Crim P. 3.152(b) (governing severance); *Rimmer v. State,* 59 So. 3d 763, 788 (Fla. 2010).

"[T]he object of the severance rule is not to provide defendants with an absolute right of severance when requested, when they blame each other for the crime, but to assure each of them of a fair determination of his guilt or innocence." *Biscardi v. State,* 511 So. 2d 575, 578 (Fla. 4th DCA 1987) (citing *O'Callaghan v. State,* 429 So. 2d 691, 695 (Fla. 1983)). The determination of whether to sever is made on a case by case basis. *Id.* at 579. "The fact . . . that there is hostility between the defendants, or that one tries to blame the offense entirely on the other, does not in itself require severance." *Id.* (citation omitted); *see also Victorino v.State,* 23 So. 3d 87, 97 (Fla. 2009) ("[The defendant] is not entitled to severance simply because his codefendants are shifting the blame onto him.").

Lines contends that *Crum v. State,* 398 So. 2d 810, 810-12 (Fla. 1981), required a severance. He argues that, like the defendant in *Crum,* he was "forced . . . to stand trial before two accusers: the State and his codefendant." *Id.* at 811-12. However, unlike this case, the linchpin in *Crum* was that the defendant was blindsided by a co-defendant's antagonistic defense, which did not arise until after jeopardy had attached.

In *Crum,* the defendant was not aware "until after the jury was sworn in" that his co-defendant planned to testify that the defendant murdered the victim. *Id.* at 811. Before trial, the defendant obtained a statement from the co-defendant consistent with his version of the incident. *Id.* However, the defendant learned on the morning of trial that his co-

defendant "would accuse him of singularly committing the murder for which the two of them were charged." *Id.* Under these circumstances, the Supreme Court found that the defendant was denied a fair trial. *Id.* at 812.

As the Supreme Court explained in *McCray v. State*, 416 So. 2d 804 (Fla. 1982), the issue in *Crum* was not simply that the co-defendants' theories of defense were antagonistic:

> The problem was that one codefendant induced the other to believe that their defenses would be completely consistent and then, after jeopardy attached, decided to change his story, thereby prejudicing the proper preparation of the case for trial. The circumstances would have been different had there been no prior statement or had there been sufficient notice before trial of the change in [the co-defendant's] position.

*Id.* at 807.

Unlike the defendant in *Crum*, Lines knew before trial that his defense conflicted with that of the co-defendant. The evidence was presented in a way that the jury could distinguish between each defendant's conduct and then apply the law to each defendant separately. The jury acquitted Lines of one attempted first degree murder charge while finding the co-defendant guilty; the jury convicted Lines of a separate attempted first degree murder count, while finding the co-defendant not guilty. Thus, the "evidence was not too complex for the jury to apply it to each individual defendant." *Gordon v. State*, 863 So. 2d 1215, 1223 (Fla. 2003). Also, Lines "had a full opportunity to confront and cross-examine each of the witnesses against him." *Id.* This was not a case where a co-defendant's statement was offered in evidence or, as Lines feared, his own statement was edited in a way that strangled meaning.

This case falls within the Supreme Court's observations in *McCray*:

> [T]he fact that the defendant might have a better chance of acquittal or a strategic advantage if tried separately does not establish the right to a severance. Nor is hostility among defendants, or an attempt by one defendant to escape punishment by throwing the blame on a codefendant, a sufficient reason, by itself, to require severance. If the defendants engage in a swearing match as to who did what, the jury should resolve the conflicts and determine the truth of the matter.

416 So. 2d at 806 (internal citations omitted).

We have fully considered the remaining issue and find no error.

*Affirmed.*

GERBER and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**