# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4459
_____

KWAME FERNANDERS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Stanley H. Griffis, III, Judge.

April 22, 2019

PER CURIAM.

After a joint trial with his co-defendant Quintae Edwards, Kwame Fernanders was convicted of home invasion robbery with a firearm, two counts of kidnapping to commit or facilitate a felony with a firearm, two counts of false imprisonment, and grand theft of a motor vehicle. Fernanders appeals, claiming prejudicial error in the trial court's denial of a motion to sever their trials. We reject this argument and affirm.

On the morning of trial, Edwards argued that his case should be tried separately from Fernanders' because their defenses were antagonistic. Specifically, Edwards argued that Fernanders planned to testify that Edwards coerced him to commit the offenses, which would prejudice Edwards, while

Edwards would make a general denial of the allegations. Fernanders adopted Edwards' motion and asserted that if they were tried separately (and Edwards first), it was possible that Edwards might testify on behalf of Fernanders to confirm the alleged coercion. The trial court denied the motion, referring to it as an "adoptive" motion on Fernanders' part.

At trial, overwhelming evidence was presented that Fernanders, Edwards, and another co-defendant, Kayla Black, invaded an apartment, held four victims at gunpoint, assaulted them, and bound them with tape while ransacking the apartment for goods to steal. Edwards stayed at the apartment with three victims while Fernanders and Black drove one, at gunpoint, to a bank to withdraw money; Fernanders told this victim that she was lucky he decided not to kill her. Law enforcement tracked the three to Tallahassee and found Edwards at a restaurant with a car stolen from one of the victims. Fernanders and Black were tracked to a hotel room, where officers found them asleep in bed alongside a gun, which Fernanders reached for but could not grab before being restrained by officers. DNA evidence, fingerprints, and the recovery of scores of stolen goods connected the defendants to the crimes. Fernanders later wrote letters to friends and family from jail, asking them to tell the victims to decide whether they would rather get the charges dropped and live or to proceed and die. Black testified for the state, stating that Fernanders was her boyfriend at the time and she went along with the crimes. She testified that Fernanders and Edwards were like brothers and rejected any idea that one coerced the other. Fernanders then testified that he committed all of the acts but only due to the coercion of Edwards. The jury rejected this argument.

Fernanders argues that the trial court abused its discretion in denying severance because Edwards' defense was antagonistic to his own and it deprived him of the possibility that Edwards would testify on his behalf and admit that he coerced Fernanders. We find that the trial court committed no error in denying Fernanders' "adoptive" motion to sever.

First, Fernanders cites *Crum v. State*, 398 So. 2d 810, 811 (Fla. 1981), where the defendant argued at trial that his and his

2

co-defendant's "defenses were so antagonistic that he would be prejudiced if the trials were not severed" because the co-defendant planned to reverse from his prior statements—that neither of the two were present when the victims died—and testify that the defendant was the murderer. Here, however, the co-defendant's defense was not prejudicial to Fernanders in any way. Edwards did not testify and simply denied the charges, which did not affect Fernanders' defense of coercion. *See Biscardi v. State*, 511 So. 2d 575, 579 (Fla. 4th DCA 1987) (finding that the appellant's defense of coercion was not antagonistic to his co-defendants even where the co-defendant testified that he did not engage in coercion).[1]

Second, Fernanders believed that, if Edwards had been tried first, he might later testify on behalf of Fernanders. Even if that may have happened,[2] Fernanders has provided no authority stating that a trial court must work together with co-defendants to give one or more of them tactical advantages. *Cf. McCray v. State*, 416 So. 2d 804, 806 (Fla. 1982) ("Specifically, the fact that the defendant might have a better chance of acquittal or a strategic advantage if tried separately does not establish the right to a severance."). This is not the purpose of the rule regulating severance. "Rather, the rule is designed to assure a fair determination of each defendant's guilt or innocence." *Id.*

---

[1] Regardless, "hostility among defendants, or an attempt by one defendant to escape punishment by throwing the blame on a codefendant," is not "a sufficient reason, by itself, to require severance." *McCray v. State*, 416 So. 2d 804, 806 (Fla. 1982); *see also Biscardi v. State*, 511 So. 2d 575, 578 (Fla. 4th DCA 1987) ("the object of the severance rule is not to provide defendants with an absolute right of severance when requested, [or] when they blame each other for the crime").

[2] The record casts doubt that Edwards might have ever testified on Fernanders' behalf. Edwards' counsel told Fernanders' counsel that Edwards "would not be testifying in that manner to help [Fernanders] at any trial – whether this one or some one in the future."

Fernanders' argument that the joint trial denied him a fair determination of his guilt is meritless, and we AFFIRM his conviction.[3]

WOLF, WINOKUR, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Maria Ines Suber, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Appellee.

---

[3] While we rule that the denial of the severance motion did not deny Fernanders of a fair trial, we take no position on whether the denial prejudiced Edwards.