PARKER, Judge.
David Hernandez appeals his judgment and sentences for trafficking in cocaine and conspiracy to traffic in cocaine. Hernandez alleges that the trial court erred in denying his repeated requests for severance following the admission of certain evidence of similar crimes against a codefend-ant in Hernandez’s trial. Because we agree that severance should have been granted, we limit our decision to that point. We vacate Hernandez’s convictions and remand for a new trial of the charges against him.
Hernandez was tried with his brother. When his brother testified, the state cross examined the brother about the brother’s involvement in other unrelated drug deals. Both defendants moved for a mistrial. The court denied the motion, finding that the brother had opened the door to these questions. The trial court limited the scope of the cross examination to showing that the brother arranged a drug deal for someone else but not that he ever bought drugs himself. Hernandez moved for a severance of his case from his brother’s case. Hernandez told the court “[W]e did not put on a defense. We’re getting killed by these additional collateral matters that are being allowed to come in.” The defense alleged that these collateral matters were highly prejudicial and had no probative value to the crimes charged against Hernandez. The court refused to grant a severance. Hernandez again objected to the trial court allowing collateral act evidence of a prior drug transaction between the brother and a confidential informant, a transaction in which Hernandez had no involvement, and renewed his motion for a severance and for separate trials. Hernandez also objected to questions concerning possible drug use of his brother in the presence of undercover officers. A final request for severance was declined.
Motions for severance of criminal defendants must satisfy the requirements set forth under Florida Rule of Criminal Procedure 3.152(b). That rule, in part) provides:
(b) Severance of Defendants.
(1) On motion of the State or a defendant, the court shall order a severance of defendants and separate trials:
[[Image here]]
(ii) during the trial, only with defendant’s consent and upon a showing that such order is necessary to achieve a fair determination of the guilt or innocence of one or more defendants.
In this instance, Hernandez not only consented but made repeated requests, for severance during the trial when the state sought to introduce the collateral evidence against the codefendant.
In addition, a motion for severance must be made timely before trial or when the facts establishing the grounds for severance are known to defendant. Fla.R. Crim.P. 3.153; Crum v. State, 398 So.2d 810 (Fla.1981). The record in this case indicates that the facts predicating the severance motion developed at the trial during the state’s cross examination of the code-fendant and were not known to the defense before trial, although the defense may have had an indication that the state might attempt to introduce the collateral evidence.[1] Nor is there any evidence here that Hernandez intentionally abandoned his right to severance. See Barbon-Zurita v. State, 415 So.2d 824 (Fla. 3d DCA 1982). To the contrary, immediately after the state sought to introduce this prejudicial evidence about the codefendant, Hernandez made continued attempts to obtain severance.
A motion for severance should be granted if there is evidence directed at a code-fendant which is prejudicial to defendant. *406 Cason v. State, 211 So.2d 604 (Fla. 2d DCA 1968). Although here the collateral evidence was directed only at the codefendant, he and Hernandez were brothers. The brothers lived together, and the statements that the codefendant had previous dealings in drugs and used drugs certainly could have been attributed to Hernandez as a possible participant in these acts and may have contributed to the verdicts of guilty against Hernandez. It is significant that this evidence would not have been admissible in a separate trial of Hernandez even if the codefendant had testified on the behalf of Hernandez, because the questions with respect to codefendant’s prior drug dealings would not be relevant in a trial against Hernandez for the present crimes. See §§ 90.401 and .402, Fla.Stat. (1987). As the supreme court stated in Crum: “The objective of fairly determining a defendant’s innocence or guilt should have priority over other relevant considerations such as expense, efficiency, and convenience.” 398 So.2d at 811.
Reversed and remanded.
RYDER, A.C.J., and ALTENBERND, J., concur.

. At the commencement of trial, the court had granted a defense motion in limine prohibiting the state from introducing such evidence in the voir dire, the opening statement, and the state's case in chief.