756 So.2d 1072 (2000)
Steven MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0392.
District Court of Appeal of Florida, Fourth District.
April 19, 2000.
Richard L. Jorandby, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
Two brothers were tried together for committing aggravated battery upon a single victim. Both claimed that they acted in self-defense after the victim became aggressive and had threatened to kill the appellant. At trial, the state sought to have the victim testify as to a telephone call from appellant's brother in which he apologized to the victim for the incident and offered him money in exchange for dropping the charges. Arguing that the state was trying to prove consciousness of guilt from appellant's brother's statement which would be imputed to appellant, defense counsel moved to sever appellant's trial from that of his co-defendant brother's. The trial court denied the motion, and the victim was allowed to testify about the statement. We reverse.
Although the decision on whether to grant a motion to sever is generally within the trial court's discretion, see Dupree v. State, 705 So.2d 90, 95 (Fla. 4th DCA 1998), Florida Rule of Criminal Procedure 3.152(b)(1)(B) provides that the court shall order a severance of defendants if requested during trial "on a showing that the order is necessary to achieve a fair determination of the guilt or innocence of 1 or more defendants." A motion to sever should be granted when the evidence sought to be admitted applies only to a codefendant, but which may improperly influence the jury as to the charge against the other defendant. See Viniegra v. State, 604 So.2d 863, 864 (Fla. 3d DCA 1992). In Hernandez v. State, 570 So.2d 404, 405-06 (Fla. 2d DCA 1990), the court determined that admission of evidence of collateral drug crimes committed by the defendant's brother, when the two brothers were being tried together for a drug offense, required the severance of the two brothers' trials. Similarly, in the instant case, the acknowledgment of guilt by appellant's brother through his apology to *1073 the victim and offer to pay him to drop the charges undermined both defendants' theory of self-defense. We conclude that the court abused its discretion in denying the motion to sever. We therefore reverse and remand for a new trial.
HAZOURI, J., concurs. STONE, J., dissents with opinion.
STONE, J., dissenting.
Although I do not disagree with the authority cited in the majority opinion, I would affirm, concluding that the denial of severance in this case is within the trial court's discretion.
The severance issue was first raised ore tenus during the victim's testimony in the middle of trial, even though the deposition of the victim should have alerted the defense to potentially harmful testimony. The severance request was made in the course of arguing an objection on other grounds to testimony about the co-defendant's phone call.
The trial court made every effort to resolve the defendants' multiple objections by prohibiting portions of the witness' testimony indicating that the co-defendant was calling from jail and that referred, directly or indirectly, to Appellant. Nothing in the statement, as ultimately testified to, implicated Appellant. Nevertheless, Appellant's counsel did express concern that the jury would conclude that the statement of the co-defendant amounted to an acknowledgment of guilt which the jury would impute to Appellant.
From my perspective, the alleged apology by the co-defendant was only questionably related to the proof, or defense, as to the physical battery on the victim, for which both defendants were convicted, and actually referred to a taking (the co-defendant allegedly said "he's very sorry for what he take that Sunday"), an element of the robbery count, as to which both defendants were acquitted.
In my judgment, the trial court could have concluded that counsel's comments did not rise to the level of showing that a severance was necessary for a fair determination of Appellant's guilt. This is not a case where the statement of one defendant accuses or incriminates the other, or of inconsistent defenses. See McCray v. State, 416 So.2d 804 (Fla.1982). It is well recognized that severance need not be granted simply because there is evidence of guilt applicable to only one of multiple defendants. E.g., Johnson v. State, 720 So.2d 232 (Fla.1998). Additionally, there is no indication that the state argued to the jury in such a way as to impute guilt to Appellant from the co-defendant's statement.
I would, therefore, affirm.