775 So.2d 403 (2000)
Dondrick CHERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2909.
District Court of Appeal of Florida, Fourth District.
December 27, 2000.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm Cherry's conviction for trafficking in cocaine over 28 grams but reverse his conviction for possession of marijuana with intent to deliver.
The trial court denied Cherry's request for a special jury instruction that an element of the crime is knowledge by the defendant that the substance possessed was marijuana. This was an error. See Chicone v. State, 684 So.2d 736, 746 (Fla.1996). We also find that this error was not harmless. See Goodwin v. State, 751 So.2d 537 (Fla.2000) (harmless error test places the burden on state as beneficiary of error to prove beyond reasonable doubt that error did not contribute to verdict, that there is no reasonable possibility that error contributed to conviction). Contrary to police testimony, Cherry testified that he was never in the kitchen where the marijuana was located. The State presented no evidence showing Cherry knew the substance was marijuana. We cannot say beyond a reasonable doubt that the jury's verdict was not affected.
*404 REVERSED AND REMANDED FOR A NEW TRIAL.
FARMER, KLEIN and TAYLOR, JJ., concur.