PER CURIAM.
This petition for writ of habeas corpus alleging ineffective assistance of appellate counsel arises from this court’s affirmance of Moment’s violation of probation. Moment v. State, 773 So.2d 577 (Fla. 4th DCA 2000). Moment argues that appellate counsel was ineffective in failing to supplement the record on appeal with a copy of the probation order. We grant Moment’s petition and reverse his conviction for violation of probation.
On direct appeal Moment sought reversal of his conviction by arguing that there was no condition in the order requiring him to submit to random drug testing. This court affirmed, noting that the record on appeal did not contain a copy of the probation order and while on notice of such defect Moment’s counsel did not move to supplement the record. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Cirillo v. Davis, 732 So.2d 387, 389 (Fla. 4th DCA), rev. denied, 751 So.2d 50 (1999).
In response to this petition the state provided a copy of the probation order. It does not include a condition requiring random urinalysis. We reject the state’s argument that the probation officer’s testimony supports the charged violation. Moment would have prevailed on appeal. Rutherford v. Moore, 774 So.2d 637 (Fla.2000); Alvarez v. State, 635 So.2d 1053 (Fla. 4th DCA 1994).
The petition is granted and the conviction for violation of probation is reversed.
FARMER, KLEIN and STEVENSON, JJ., concur.