835 So.2d 1205 (2003)
Dondrick CHERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1038.
District Court of Appeal of Florida, Fourth District.
January 2, 2003.
Rehearing Denied February 14, 2003.
*1206 Dondrick Cherry, Arcadia, pro se.
Richard E. Doran, Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Dondrick Cherry, appeals an order summarily denying his rule 3.850 motion for post-conviction relief. We affirm without discussion the order with respect to the second ground for relief, but with respect to the first ground, we reverse and remand for further proceedings.
Following a jury trial in which he was tried together with his co-defendant, Andre Wilson,[1] appellant was convicted of one count of trafficking in cocaine over twenty-eight grams.[2] At the trial, not only did the defendants' version of the facts at trial differ from that of the police, but appellant's version differed markedly from Wilson's. After appellant testified, Wilson testifiedagainst the advice of his separate counsel. On cross-examination he admitted being a five-time convicted felon who had been arrested under five aliases, including for purchase of cocaine and possession of cocaine. The state was able to argue in closing that either one defendant was lying or the other was lying, or they were both lying.
We conclude that the record portions attached to the state's response do not conclusively refute appellant's first ground for relief, which was a claim that his trial counsel was ineffective for failing to move the court to sever his trial from that of Wilson, citing Florida Rule of Criminal Procedure 3.152(b)(1)(B) (requiring a court to order severance of defendants during trial with the defendant's consent "on a showing that the order is necessary to achieve a fair determination of the guilt or innocence of 1 or more defendants"), and Hernandez v. State, 570 So.2d 404 (Fla. 2d DCA 1990). Appellant contended that Wilson's testimony was harmful to his case; his testimony that they had been friends for six years, which contradicted appellant's testimony that he met Wilson for the first time on the date of the arrest, could only have left the jury with the impression that appellant was predisposed to deal in narcotics because of his association with a person who had drug convictions, although there was no evidence at trial that appellant had any prior involvement with narcotics. Appellant argued that counsel should have recognized that they did not have compatible defenses, and should have investigated to learn of Wilson's other crimes.
*1207 The appellant in Hernandez, who was convicted of trafficking in cocaine and conspiracy to traffic in cocaine, was tried with his brother. When the brother testified, the state cross-examined him concerning his involvement in unrelated drug deals, questions as to which the trial court found the brother had opened the door. At that point, and several times thereafter, the appellant moved for severance of his case from his brother's because the collateral matters were highly prejudicial and had no probative value to the crimes with which he was charged; the trial court denied the requests. 570 So.2d at 405. The second district referred to the rule cited above and noted that not only did the appellant consent to a severance, but he requested one. Id. While a motion for severance must be made either before trial or when the facts establishing the grounds are known to the defendant, the record indicated that the facts developed at the cross-examination of the co-defendant were not known to the defense before trial; the trial court had granted a defense motion in limine to prevent the state from introducing such evidence in voir dire, opening statement, or the state's case-in-chief. Although the collateral evidence was directed only at the brother, it still could have contributed to the guilty verdicts against the appellant, as the brothers lived together and the jury may have attributed the offenses to the appellant as a possible participant. Thus, the second district reversed. Id. at 405-06.
This court followed Hernandez in Miller v. State, 756 So.2d 1072 (Fla. 4th DCA 2000). In Miller, two brothers were charged together for aggravated battery on one victim, both claiming to have acted in self-defense. At trial the state sought to have the victim testify that the appellant's brother apologized and offered money to drop the charges, and the appellant moved to sever, arguing that the state was trying to prove consciousness of guilt from the brother's statement that would be imputed to him. The trial court denied the motion, the victim was allowed to testify, and this court reversed, stating, "A motion to sever should be granted when the evidence sought to be admitted applies only to a co-defendant, but which may improperly influence the jury as to the charge against the other defendant." Id. at 1072.
If a rule 3.850 motion is not denied for legal insufficiency on its face, the trial court must attach the portions of the files and records showing conclusively that the movant is entitled to no relief. See Fla. R.Crim. P. 3.850(d). Even though Wilson's defense was not hostile toward appellant's, neither incriminated the other, and the state did not make an argument that appellant was guilty by association with Wilson, the record attachments do not conclusively refute the possibility that the jury utilized the evidence against Wilson in convicting appellant. Although it is not likely that appellant's defense counsel could have anticipated that Wilson would be cross-examined about his prior drug offenses when Wilson's own attorney was advising him not to testify, so that even if counsel knew of the offenses he would not have known to move for severance prior to trial, the records do not conclusively refute the allegation that appellant's attorney should have sought a severance when the evidence of those offenses was admitted, and that his failure to do so prejudiced the outcome of the case against appellant.
Affirmed in part, reversed in part and remanded for further proceedings.
STONE, GROSS and TAYLOR, JJ., concur.
NOTES
[1] At trial, Andre Wilson testified that his real name was Derick Spurgeon.
[2] Appellant was also convicted of one count of possession of marijuana with intent to deliver, but this conviction was reversed on direct appeal. See Cherry v. State, 775 So.2d 403 (Fla. 4th DCA 2000), and subsequently that charge was nolle prossed.