STONE, J.
We grant this petition for writ of habeas corpus alleging ineffective assistance of appellate counsel for failing to raise an issue that was raised in a separate appeal by the co-defendant, resulting in the co-defendant receiving a new trial.
*1216 Petitioner and his co-defendant, Don-drick Cherry, were jointly charged and tried with trafficking in cocaine and possession of cannabis with intent to deliver. During their trial, Cherry’s counsel requested a jury instruction, pursuant to Chicone v. State, 684 So.2d 736 (Fla.1996), that the state had to prove beyond a reasonable doubt that Petitioner knew of the presence of the marijuana and also knew of its illicit nature before he could be convicted of its possession. Petitioner’s counsel specifically joined in co-defendant counsel’s request, which the trial court denied.
Petitioner’s brief failed to challenge the trial court’s denial of his request for this instruction and his conviction and sentence were affirmed by this court. In co-defendant Cherry’s appeal, Cherry v. State, 775 So.2d 403 (Fla. 4th DCA 2000), however, we affirmed Cherry’s conviction for trafficking, but reversed his conviction for possession of marijuana with intent to deliver based on the failure to include the requested instruction.
The trial record reflects that Petitioner, like his co-defendant, testified that he never went into the kitchen (where the marijuana was located) and never saw the drugs prior to the arrival of the police.
The major distinction between Cherry’s argument and Petitioner’s is that in Cherry’s case, he testified that he was a guest in Petitioner’s apartment and that he had never been to the apartment before. As to Petitioner, it was undisputedly his apartment, and there was other circumstantial evidence of guilt. Both defended, however, arguing that they did not know about the presence of the marijuana, thus, making the instruction critical.
In Cherry, this court rejected the argument that the lower court’s denial of the instruction amounted to harmless error. See also Scott v. State, 808 So.2d 166 (Fla.2002)(failure to give instruction not harmless error). It is clear to us that had the issue been raised, Petitioner was entitled to a reversal on the same basis as his co-defendant.
We, therefore, find the petition legally sufficient and grant relief. The conviction and sentence are reversed as to the charge of possession of cannabis with intent to deliver and, as to that charge, we remand for a new trial. See Kleckley v. State, 810 So.2d 1081 (Fla. 4th DCA 2002); Moment v. State, 785 So.2d 717 (Fla. 4th DCA 2001).
STEVENSON and SHAHOOD, JJ., concur.