SALCINES, Judge.
John Anthony Moore appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand the denial of Moore’s claim of ineffective assistance of counsel in regard to the failure to seek a severance for trial. This claim is not conclusively refuted by the record. We otherwise affirm the denial of the remaining grounds of error without further discussion.
A fourteen-count information was filed which included charges against Moore, Joe Johnson, Karen Johnson, and Mark Larue. The counts for racketeering, conspiracy to racketeer, conspiracy to traffic in 400 grams or more of cocaine, and trafficking in 400 grams or more of cocaine were lodged against all four defendants. Eight counts of the information were lodged against Joe and Karen Johnson,[1] one count *75 was lodged against Joe Johnson alone,[2] and one count was lodged against Karen Johnson alone.[3]
The racketeeáng charge set forth 348 predicate acts against the defendants. Of those 348 acts, Moore was allegedly involved in twenty acts of selling, possessing, delivering, and/or purchasing cocaine. The conspiracy to racketeer count also realleged these 348 predicate acts.
The trial court entered a judgment of acquittal as to two counts, and Moore was ultimately found by the jury to be guilty of conspiracy to racketeer and conspiracy to traffic in 400 grams or more of cocaine. His convictions were affirmed on appeal. Moore v. State, 806 So.2d 477 (Fla. 2d DCA 2001).
In his motion for postconviction relief, Moore asserted that his trial counsel was ineffective for failing to move for severance of his trial from that of the John-sons.[4] Moore asserted that he was found “guilty by association” with the Johnsons as they had been charged with an additional ten unrelated counts in which Moore had no involvement. In support of his motion, Moore attached the affidavit of Stephen Grogoza, who was the defense counsel for Joe Johnson. In the affidavit, Attorney Grogoza stated:
2. During the months before the trial and also during the nine day trial, I continually complained to Donald Schold [Moore’s trial counsel] about his lack of preparation....
[[Image here]]
4. Further, Mr. Schold did not file any pre-trial motions, such as moving to sever Mr. Moore’s trial from the Johnsons’ trial. In my opinion, this was a necessary motion because the vast bulk of the 6,000 pages of discovery related to the Johnsons only and only a very small portion related to Mr. Moore.
5. I discussed this tactic and guilt by association with Mr. Schold, however, he did not want to move to sever because he felt that since I was prepared for trial, he would be able to follow my lead rather than to do the trial himself and go through all of that discovery.
In order to plead an ineffective assistance of counsel claim, “[t]he defendant must allege specific facts that, when considering the totality of the circumstances, are not conclusively rebutted by the record and that demonstrate a deficiency on the part of counsel which is detrimental to the defendant.” Kennedy v. State, 547 So.2d 912, 913 (Fla.1989). The standard of review in appeals from summary denials of rule 3.850 motions is set forth in Florida Rule of Appellate Procedure 9.141(b)(2)(D): “[UJnless the record shows conclusively that the appellant is entitled to no relief, the order [denying the motion] shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.”
In Cherry v. State, 835 So.2d 1205 (Fla. 4th DCA 2003), the appellate court reversed that portion of the trial court’s order which summarily denied a rule 3.850 motion asserting ineffective assistance of *76 counsel for failure to file a motion to sever. The Fourth District stated, “A motion to sever should be granted when the evidence sought to be admitted applies only to a co-defendant, but which may improperly influence the jury as to the charge against the other defendant.” Id. at 1207. The appellate court continued:
Even though [the codefendant’s] defense was not hostile toward appellant’s, neither incriminated the other, and the state did not make an argument that appellant was guilty by association with [the codefendant], the record attachments do not conclusively refute the possibility that the jury utilized the evidence against Wilson in convicting appellant.... [T]he records do not conclusively refute the allegation that appellant’s attorney should have sought a severance ... and that his failure to do so prejudiced the outcome of the case against appellant.
Id. In a direct appeal reviewing the denial of a motion to sever, this court noted that severance is not necessary “when all the relevant evidence regarding the criminal offense is presented in such a manner that the jury can distinguish the evidence relating to each defendant’s acts, conduct, statements, and can then apply the law intelligently and without confusion to determine the individual defendant’s guilt or innocence.” McLean v. State, 754 So.2d 176, 178-79 (Fla. 2d DCA 2000) (quoting McCray v. State, 416 So.2d 804, 806 (Fla.1982)).
In the present case, it appears that the evidence relating to the ten counts in the information charged only against the John-sons may have improperly influenced the jury as to the charges against Moore. The trial court’s order which summarily denied the motion did not direct this court to the portions of the record which would demonstrate that the evidence was presented by the State in such a manner as to avoid jury confusion and, as Moore has alleged, guilt by association.
Accordingly, we reverse the denial of this ground of error and remand for further consideration. On remand, if the trial court again determines that denial of this ground of error is appropriate, it shall attach the portions of the record which conclusively refute Moore’s allegations. If the claim is not conclusively refuted by the record, the trial court must conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
VILLANTI, J., concurs.
FULMER, J., concurs in part and dissents in part with opinion.

. The charges against Joe and Karen Johnson included: (count 2) racketeering; (count 5) money laundering; (counts 7 and 8) possession of cocaine with intent to sell; (count 9) obtaining mortgage by false representation; (count 10) grand, theft, more than $100,000; *75 (count 11) communications fraud, first-degree felony; and (count 12) communications fraud, third-degree felony.

. Joe Johnson was charged individually with possession of a firearm by a convicted felon.

. Karen Johnson was charged individually with a continuing criminal enterprise.

. Codefendant Mark Larue was not tried with Moore and the Johnsons. Mr. Larue was a fugitive until shortly before trial. His trial counsel was granted a continuance which resulted in a separate trial being conducted.