FULMER, Judge,
Concurring in part and dissenting in part.
In his motion, Moore raised three grounds, two of which the majority concludes the trial court properly denied. I join the majority in this conclusion. However, I do not agree that the trial court erred by denying Moore’s claim of ineffective assistance for failure of his counsel to move for a severance.
In order to obtain relief on a claim of ineffective assistance of counsel, a defendant must “show that counsel’s performance was deficient” and that “the deficient performance prejudiced the defense.” Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test.” Id. at 693, 104 S.Ct. 2052. “The defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been *77 different.” Id. at 694, 104 S.Ct. 2052. In his motion, Moore alleges that his counsel was ineffective in failing to file a motion to sever. However, Moore fails to allege how he was prejudiced in being tried with his codefendants. The conclusory allegation that he was found “guilty by association” because his codefendants were charged with unrelated counts does not meet the Strickland standard for demonstrating ineffective assistance because Moore has failed to identify any evidence or argument presented at trial that would support his conclusory allegation.
The majority cites to Cherry, 835 So.2d 1205, in support of its reversal but fails to acknowledge that, in that case, Cherry identified evidence that was presented by his codefendant and evidence that was presented against his codefendant that was prejudicial to Cherry’s defense because it contradicted testimony Cherry presented in his own defense. Moore’s motion makes no reference to any evidence or testimony presented at trial.
By its reversal, the majority concludes that Moore’s motion is facially sufficient but fails to identify any factual allegations in Moore’s motion that are sufficient to satisfy the prejudice prong of Strickland. And, notwithstanding the fact that our record does not contain the trial transcript, the majority concludes that “it appears that the evidence relating to the ten counts in the information charged only against the Johnsons may have improperly influenced the jury as to the charges against Moore.” In the absence of further explanation as to the basis of this conclusion and because Moore’s motion does not contain allegations of specific facts demonstrating prejudice, I do not understand how the trial court can attach portions of the record to refute the majority’s conclusion of possible “improper influence.” Likewise, I fail to understand what the trial court could consider at an evidentiary hearing to refute the allegations of Moore’s motion that the majority deems sufficient to allege prejudice.
In its order, the trial court stated:
The Defendant has failed to allege any substantial differences between his position and the positions of his co-Defendant as to the issue of severing the trials, and has provided nothing to demonstrate that had his counsel moved to sever, the Court would have granted that motion having previously denied similar motions filed by both co-Defendants. This ground fails to state a basis for relief under Strickland.
For the reasons I have explained, I agree with the trial court’s rulings and would affirm.