PER CURIAM.
The appellant challenges the summary denial of his posteonviction motion. We affirm without discussion claim two. As to his first and third claims, we reverse and remand with instructions to the trial court to either hold an evidentiary hearing or to attach record portions conclusively refuting the appellant’s assertions.
The appellant was convicted of sale of cocaine, following a jury trial in which the appellant was tried alongside his co-defendant. In his first claim, the appellant asserts his counsel was ineffective for failing to file a motion to sever prior to trial where his counsel had been put on notice that the co-defendant’s defense of entrapment would require the co-defendant to implicate the appellant as a drug dealer and contradict the appellant’s theory of innocence. The appellant further asserts *463 that, as predicted, his co-defendant testified that the appellant sold drugs for a living and directly implicated the appellant as a source of cocaine, without objection from counsel. Similarly, in his third claim the appellant alleges he was denied effective assistance of counsel when his counsel knew of the co-defendant’s entrapment defense, yet failed to take steps to sever the co-defendant’s and appellant’s trials. Thus, the appellant raises facially sufficient claims for relief. Cherry v. State, 835 So.2d 1205 (Fla. 4th DCA 2003)(hold-ing that an appellant makes a facially sufficient claim for postconviction relief based on counsel’s failure to sever where the appellant asserts that his counsel should have recognized the incompatibility of the co-defendant’s defense prior to trial and, at the very least, should have moved to sever immediately following the co-defendant’s testimony regarding highly prejudicial and irrelevant prior acts of the appellant).
Accordingly, we affirm in part, and reverse in part the trial court’s rulings with regards to the appellant’s first and third claim and remand with instructions to the trial court to conduct an evidentiary hearing or to attach record documentation refuting the appellant’s assertions.
AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.
BARFIELD, DAVIS, and PADOVANO, JJ., concur.